BARRY J. PORTMAN
Federal Public Defender
ERIC MATTHEW HAIRSTON
Assistant Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant JAVIER BAILON-HERNANDEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-00012 PJH |
| ) | |
| Plaintiff, ) | **DEFENDANT'S SENTENCING** |
| ) | **MEMORANDUM** |
| v. ) | |
| ) | |
| JAVIER BAILON-HERNANDEZ, ) | Sentencing Date: May 21, 2008 |
| ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

Javier Bailon-Hernandez stands convicted by guilty plea of being found in the United States after deportation in violation of 18 U.S.C. §1326. Mr. Bailon-Hernandez pled guilty pursuant to a Rule 11(c)(1)(B) plea agreement that calls for a sentence at the low end of the advisory Sentencing Guidelines range, which in this case would result in 24 months of imprisonment. The probation officer has recommended that the Court impose an additional two months of imprisonment for a total of 26 months. Mr. Bailon-Hernandez disagrees with this recommendation and for the following reasons respectfully asks this Court to impose the low-end sentence contemplated in his plea agreement.

DEFENDANT'S SENTENCING
MEMORANDUM                              1

**BACKGROUND**

Javier Bailon-Hernandez was born in Atoyac, Mexico in 1976 to a fisherman father and homemaker mother. PSR, ¶35. The second of five children, he began working as a fisherman alongside his father at age 6 and came to the United States at the age of 18 out of financial necessity. *Id*, ¶¶35, 42. Since his arrival in the United States, Mr. Bailon-Hernandez has worked in a series of restaurants as a dishwasher, cook and busboy. *Id,* ¶42. He is married with five children, the youngest of whom is a son born in the weeks after Mr. Bailon-Hernandez was taken into custody in this matter. *Id*, at ¶36.

**DISCUSSION**

**I.   The Low-End Guidelines Sentence Set Forth in the Plea Agreement is Reasonable and Appropriate**

The parties have agreed that a sentence at the low end of the applicable guideline range is reasonable and appropriate in this case. The probation officer recommends a sentence higher than that called for in the plea agreement because Mr. Bailon-Hernandez's "criminal history cannot be ignored" and "to highlight to the defendant that he may not re-enter the United States." *See*, Sentencing Recommendation, pp. 1, 2. Mr. Bailon-Hernandez respectfully disagrees with the logic of this recommendation. 18 U.S.C. §3553 instructs that the courts must fashion a sentence that is "sufficient, but not greater than necessary," to serve the goals of sentencing. *Id.* Here, the agreed-upon low-end term of 24 months is just such a sentence.

*A.   A Low-End Sentence is Appropriate Given Mr. Bailon-Hernandez's History*

Mr. Bailon-Hernandez is not the career criminal one typically associates with a Criminal History Category of VI. As noted in the PSR, his criminal history points total 13, the lowest total number of points for which a defendant may be assigned a Criminal History Category of VI. Further, five of these thirteen points derive from convictions for simple possession of narcotics and driving under the influence. While undersigned counsel does not seek to minimize the serious nature of such offenses, they are more consistent with a combination of poor judgment

and substance abuse than the sort of hardened criminality that warrants a term of incarceration beyond that called for in the plea agreement.

      B.      *A Low-End Sentence is Appropriate Under 18 U.S.C. §3553(a)(2)*

18 U.S.C. §3553(a)(2) sets forth the various purposes for which a sentence should be imposed, including the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to protect the public from further crimes, and to provide the defendant with any necessary rehabilitative or correctional treatment. *Id*. Here, the low-end guideline sentence contemplated in the plea agreement provides for a term of imprisonment sufficient, but not greater than necessary, to achieve these goals. Mr. Bailon-Hernandez's previous sentence for illegal entry was just 75 days. The recommended low-end sentence of 24 months is thus a nearly 10-fold increase over his previous term of custody for a substantially similar offense. The shock of such a markedly increased penalty is certain to educate Mr. Bailon-Hernandez as to the consequences of any return trip across the border. When he is released from custody and deported, Mr. Bailon-Hernandez will face the reality of earning a living in his native country and either relocating his wife and five children to Mexico or supporting them from afar. Rather than providing deterrence, an additional two months in custody will only unnecessarily postpone the start of a new life to which Mr. Bailon-Hernandez, his wife Maribel and their five children must adapt. Two additional months in which Mr. Bailon-Hernandez can support himself and his family will serve the interests of justice to a far greater degree than two additional months of imprisonment awaiting deportation.

///

///

///

DEFENDANT'S SENTENCING
MEMORANDUM                                      3

**CONCLUSION**

For the foregoing reasons, Mr. Javier Bailon-Hernandez respectfully urges this court to adopt the low-end guideline sentence set forth in the plea agreement.

Dated: May 13, 2008

                    Respectfully submitted,

                    BARRY J. PORTMAN
                    Federal Public Defender

                        /s/

                    ERIC MATTHEW HAIRSTON
                    Assistant Federal Public Defender